UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TIFFANY RECINOS,

          Plaintiff,

   v.

WASHINGTON STATE NURSING COMMISSION, et al.,

          Defendants.

CASE NO. 3:23-CV-5762-DGE

REPORT AND RECOMMENDATION

Noting Date: October 6, 2023

The District Court has referred Plaintiff Tiffany Recinos's pending Application to Proceed *In Forma Pauperis* ("IFP") and proposed complaint to United States Magistrate Judge David W. Christel pursuant to Amended General Order 11-22. On August 24, 2023, Plaintiff filed a proposed civil complaint and an application to proceed *in forma pauperis* ("IFP"), that is, without paying the filing fee for a civil case. *See* Dkts. 1; 1-1.

In determining whether IFP should be granted in this case, the Court has reviewed the proposed complaint and finds the instant matter fails to state a claim upon which relief can be granted. Therefore, the Court recommends this case be dismissed without prejudice and the Application to Proceed IFP (Dkt. 1) be denied.

REPORT AND RECOMMENDATION - 1

**Review of the Proposed Complaint.** The Court has carefully reviewed the proposed complaint in this matter. Because Plaintiff filed this complaint *pro se*, the Court has construed the pleadings liberally and has afforded Plaintiff the benefit of any doubt. *See Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir.1988). In her proposed complaint, Plaintiff names the Washington State Nursing Commission, the Washington Department of Health, NURSEsys, and Adena Nolet as defendants. Dkt. 1-1. Plaintiff states her nursing license was wrongfully suspended in 2010 by the Washington State Nursing Commission. *Id*. She requests the suspension be expunged, her registered nursing license be sealed and terminated, and that Nolet be suspended so Nolet can understand what it feels like to "take punishment for a crime she did not commit!" *Id*.

**Sua Sponte Dismissal.** The district court may permit indigent litigants to proceed IFP upon completion of a proper affidavit of indigency. *See* 28 U.S.C. § 1915(a). However, the Court must subject each civil action commenced pursuant to 28 U.S.C. § 1915(a) to mandatory screening and order the *sua sponte* dismissal of any case that is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to *sua sponte* dismiss an IFP complaint that fails to state a claim). An IFP complaint is frivolous if "it ha[s] no arguable substance in law or fact." *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1369 (9th Cir. 1987) (citing *Rizzo v. Dawson*, 778 F.2d 527, 529 (9th Cir. 1985); *see also Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).

REPORT AND RECOMMENDATION - 2

1	Furthermore, a federal court may dismiss a case *sua sponte* pursuant to Fed. R. Civ. P. 12
2	(b)(6) when it is clear that the plaintiff has not stated a claim upon which relief maybe granted.
3	*See Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir.1987) ("A trial court may dismiss a
4	claim sua sponte under Fed. R. Civ. P. 12 (b)(6). Such a dismissal may be made without notice
5	where the claimant cannot possibly win relief."); *see also Mallard v. United States Dist. Court*,
6	490 U.S. 296, 307-08 (1989) (noting there is little doubt a federal court would have the power to
7	dismiss a frivolous complaint sua sponte, even in absence of an express statutory provision).

8	Here, Plaintiff's proposed complaint is difficult to comprehend. First, Plaintiff has not
9	sufficiently articulated how this Court has jurisdiction to hear her claim. For example, Plaintiff
10	appears to allege diversity jurisdiction, but she asserts that all parties are located in the State of
11	Washington; thus, there is no diversity jurisdiction. She also does not appear to bring a claim
12	under a federal question. While she states she is bringing this action under the Declaration of
13	Independence, she provides no allegations that her constitutional rights were violated. *See* Dkt.
14	1-1. Second, the allegations giving rise to this case occurred in 2010 and appear to be barred by
15	any potential statute of limitations. If Plaintiff were bringing a claim under 42 U.S.C. § 1983
16	alleging constitutional violations, the statute of limitations would have expired in 2013. Third,
17	Plaintiff has not sufficiently alleged the wrong-doing of any defendant. Finally, Plaintiff has not
18	shown, nor does the Court find, the Court has the authority to grant Plaintiff the relief requested.

19	Importantly, the Eleventh Amendment bars federal actions against a state brought by its
20	own citizens, whether the relief sought is legal or equitable. *See* U.S. Const. amend. XI; *Edelman*
21	*v. Jordan,* 415 U.S. 651, 662–63 (1974) ("While the Amendment by its terms does not bar suits
22	against a State by its own citizens, this Court has consistently held that an unconsenting State is
23	immune from suits brought in federal courts by her own citizens as well as by citizens of

another State."). "State agencies are similarly immune." *Spokane Cty. Deputy Sheriffs Ass'n v. State of Washington Dep't of Emp. Sec.*, 317 F. App'x 599, 600–01 (9th Cir. 2008). However, "[a] state may waive its immunity if it voluntarily invokes the jurisdiction of a federal court or if it makes a 'clear declaration' that it intends to submit itself to federal court jurisdiction." *In re Harleston,* 331 F.3d 699, 701 (9th Cir. 2003) (citation omitted). Here, there is no indication the Washington State Department of Health or the Washington State Nursing Commission, both state agencies, have waived sovereign immunity rights under the Eleventh Amendment. Therefore, the Court finds Plaintiff cannot state a claim upon which relief can be granted as to these defendants. *See Spokane Cty. Deputy Sheriffs Ass'n*, 317 F.App'x at 601 (finding district court correctly dismissed a complaint against Washington Department of Employment Security on the basis of Eleventh Amendment immunity); *Safouane v. Fleck*, 226 F. App'x 753, 760 (9th Cir. 2007) ("Washington state courts have held that the State of Washington has not waived its Eleventh Amendment immunity for purposes of actions under § 1983.").

After consideration of the allegations in the proposed complaint, the Court finds the proposed complaint does not state a claim for which relief can be granted.

**Leave to Amend.** Unless it is absolutely clear that no amendment can cure the defect, a *pro se* litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action. *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995). As Plaintiff's proposed complaint does not appear to have any basis in federal law, the claims appear to be based solely on conjecture, and Plaintiff has not shown the Court has the authority to grant the relief requested, the Court finds any attempt by Plaintiff to amend the proposed complaint would be futile. As such, the Court finds Plaintiff should not be afforded leave to amend her proposed complaint.

**Decision on Application to Proceed IFP.** A district court may deny leave to proceed IFP at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit. *Minetti v. Port of Seattle*, 152 F.3d 1113 (9th Cir. 1998); *Tripati v. First Nat'l Bank & Trust*, 821 F. 2d 1368, 1370 (9th Cir. 1987). Because Plaintiff's proposed complaint fails to state a claim, the Court recommends Plaintiff's Application to Proceed IFP (Dkt. 1) be denied.

**Conclusion.** For the above stated reasons, the undersigned recommends Plaintiff's Application to Proceed IFP (Dkt. 1) be denied and this case be dismissed without prejudice.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is directed to set the matter for consideration on October 6, 2023, as noted in the caption.

Dated this 15th day of September, 2023.

David W. Christel
Chief United States Magistrate Judge

REPORT AND RECOMMENDATION - 5